

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

PHILIP T. NEWMAN,

    Plaintiff,

vs.                                            No. CV 97-0919 BB/RLP

KENNETH S. APFEL,
COMMISSIONER OF SOCIAL SECURITY,

    Defendant.

## MAGISTRATE JUDGE'S ANALYSIS AND RECOMMENDED DISPOSITION[1]

### Proposed Findings

1.    This matter comes before the Court on the Motion of Philip T. Newman ("Plaintiff") to Reverse for an award of benefits pursuant to 42 U.S.C. 405(g). (Docket Nos. 12 & 13). Plaintiff seeks judicial review of the final decision of the Commissioner of Social Security ("Commissioner") denying the his application for social security disability insurance benefits ("DIB").

2.    Plaintiff applied for DIB on September 15, 1994 (Tr. 28), claiming an onset of disability as of May 4, 1988, resulting from severe pain in his lower right back, loss of feeling and strength of his right leg and high blood pressure. (Tr. 57, 59). Plaintiff's application was denied throughout the various levels of administrative review. He appeared at a hearing before an Administrative Law Judge (ALJ)

---

[1]Within ten (10) days after a party is served with a copy of these proposed findings and recommendations, that party may, pursuant to 28 U.S.C. §636(b)(1), file written objections to such proposed findings and recommendations. A party must file any objections within the ten day period if that party seeks appellate review of the proposed findings and recommendations. If no objections are filed no appellate review will be allowed.



on October 5, 1995. (Tr. 142-184). In a decision dated February 7, 1996, the ALJ found that Plaintiff could not perform his past relevant work, but retained the residual functional capacity to perform the jobs of private investigator and intelligence specialist, and was therefore not disabled. (Tr. 11-19). The Appeals Council denied Plaintiff's request for review on June 2, 1997. (Tr.4-5). The decision of the ALJ therefore stands as the final decision of the Commissioner. Plaintiff timely appeals to this Court.

3. The Commissioner's disability determinations are reviewed to determine (1) if the correct legal principles have been followed,[2] and (2) if the decision is supported by substantial evidence.[3] See 42 U.S.C. § 405(b); Bernal v. Bowen, 851 F.2d 297, 299 (10th Cir. 1988); Williams v. Bowen, 844 F.2d 748, 750 (10th Cir. 1988).

4. Plaintiff was born on May 22, 1944. (Tr. 145). He has a high school education. (Tr. 147). His past relevant work was as a police officer. (Tr. 146).

---

[2]The Commissioner's decision will be reversed when he uses the wrong legal standards or fails to clearly demonstrate reliance on the correct legal standards. Glass v. Shalala, 43 F.3d 1392, 1395 (10th Cir. 1994).

[3]"Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Castellano v. Secretary of Health & Human Services, 26 F.3d 1027, 1028 (10th Cir. 1994). "The finding of the (Commissioner) as to any fact, if supported by substantial evidence, shall be conclusive." 42 U.S.C. §405(g). Substantial evidence is more than a scintilla but less than a preponderance. Richardson v. Perales, 402 U.S. 389, 401, 91 S.Ct 1420, 1427 (1971). Evidence is not substantial if it is overwhelmed by other evidence of records. Williams v. Bowen, 844 F.2d 748, 750 (10th Cir. 1988). In determining whether substantial evidence exists, the Court does not review the issues de novo, Sisco v. U.S. Dept. of Health and Human Serv's, 10 F.3d 739, 741 (10th Cir. 1993), reweigh the evidence or substitute its judgment for that of the Commissioner. Glass v. Shalala, 43 F.3d 1392, 1395 (10th Cir. 1994). The Court's review will, however, involve a meticulous examination of the entire record. Williams, 844 F.2d at 750.

2

5. Plaintiff worked for the Nassau County Police Department from 1968-1988. (Tr. 61, 153). He was injured on the job in 1986. (Tr. 150). He was not able to return to his pre-injury duties as a patrol officer, and as of April 1987 was reassigned to the job of desk sergeant until his retirement in May 1988. (Tr. 150-152).

6. The vocational expert present at the administrative hearing testified that an individual of Plaintiff's age, education, prior work background and transferable skills, with specified exertional, non-exertional and postural limitations[4] would not be able to perform Plaintiff's past relevant work as a Police Officer (DOT 375.263-014), but would be able to perform the jobs of Private Investigator (DOT 376.267-018) and Intelligence Specialist (DOT 059.267-014). (Tr. 174-176, 179, 183).

7. Plaintiff does not contend that the hypothetical question posed to the vocational expert failed to adequately reflect the state of the record. Rather, Plaintiff contends that the answers given by the expert, and upon which the ALJ relied, do not support a finding of non-disability at step five of the sequential evaluation process. Plaintiff's attack on the testimony of the vocational expert is two fold.

8. First, Plaintiff contends that there is no evidence of record to support a finding that he possesses skills that would transfer to the job of intelligence specialist, and therefore it was improper

---

[4]The presence of back and leg pain; the ability to lift and carry 20 pounds occasionally and 10 pounds frequently; the need to alternate sitting and standing, but with the ability to stand or walk six hours out of an eight hour day; the ability to sit for 4 hours out of an eight hour day, provided he could change positions so as to take pressure off of his hip; the ability to climb stairs occasionally, with the assistance of a railing; the ability to occasionally bend, stoop, kneel, crouch and crawl; no impairment in the ability to reach, handle, feel, finger, speak, see, hear or travel. (Tr. 175-176).

as a matter of law to consider that job as available to Plaintiff. According to DOT definitions, Plaintiff's past work as a police office carries an SVP (Specific Vocational Preparation) of 6, requiring over 1 year and up to and including 2 years of vocational training, while the job of intelligence specialist carries an SVP of 7, requiring over two years and up to four years of vocational training. <u>United States Department of Labor, Employment & Training Administration, Dictionary of Occupational Titles</u> (4th ed., 1991), pp. 55, 273, 1009.

9. Second, Plaintiff contends that the number of jobs available in the occupations identified by the vocational expert is, as a matter of law, insufficient to satisfy the Commissioner's burden at step five of the sequential evaluation process.

10. Contradictions between DOT skills classifications and the testimony of a qualified vocational expert do not mandate adoption of the former and disregard of the latter. <u>Simmons v. Chater</u>, 950 F.Supp. 1501, 1507-1508 (N.D. Okla. 1997), <u>affirmed other grounds</u>, <u>Simmons v. Apfel</u>, 131 F.3d 152, 1997 WL 760707 (10th Cir. (Okla.)) (unpublished). In <u>Simmons</u>, the court, noting that there was not a direct match with respect to comparisons between SVP ratings contained in the DOT and "transferable skills" as defined in social security regulations, held that the DOT was not controlling and that the ALJ may rely on the testimony of a vocational expert. <u>Simmons v. Chater</u>, 950 F.Supp. at 1507. In <u>Simmons</u>, the ALJ determined that plaintiff had no transferable skills or prior work experience. Presented with these facts, the vocational expert testified that Plaintiff could nonetheless perform specified semi-skilled jobs requiring an SVP of 3. The magistrate judge affirmed the Commissioner's determination that the plaintiff was not disabled, stating:

> The Court is required to uphold a finding of the Commission if it is based on substantial evidence. In addition, the Court is not in a position to second-guess the

4

> evidence from the vocational expert that an individual with no transferable work skills could perform the jobs of dispatcher and telephone solicitor. The Court finds that the testimony of the vocational expert constitutes substantial evidence to support the Commissioner's decision.

Simmons v. Chater, 950 F.Supp. at 1507.

Accordingly, I find that the ALJ applied correct legal principles when relying on the testimony of the vocational expert.

11. Pursuant to 42 U.S.C. §423(d)(2)(A)(1995):

> An individual shall be determined to be under a disability only if his physical or mental impairment or impairments are of such severity that he [the claimant] is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy, regardless of whether such work exists in the immediate area in which he lives, or whether a specific job vacancy exists for him, or whether he would be hired if he applied for work. For purposes of the preceding sentence (with respect to any individual), "work which exists in the national economy" means work which exists in the region where such individual lives or in several regions of the country.

Id.; See also 20 C.F.R. §404.1566(a).

12. Based on the testimony of the vocational expert, the ALJ found that there were 100 jobs as private investigator or intelligence specialist available within New Mexico, 1,000 available in the region, and 13,000 available nationally. (Tr. 17, 176-180)

13. In Trimiar v. Sullivan, 966 F.2d 1326 (10th Cir. 1992) the Tenth Circuit rejected the opportunity to identify an absolute number which would satisfy the "significant numbers" provision of 42 U.S.C. §423(d)(2)(A). The Court in Trimiar adopted the reasoning of the Eighth Circuit as set forth in Jenkins v. Bowen, 861 F.2d 1083, 1087 (8th Cir. 1988) in analyzing whether proper consideration was given to factors which are part of the correct evaluation of the existence of

"significant numbers" of jobs.[5] The list of factors is not exclusive, but a guideline:

> A judge should consider many criteria in determining whether work exists in significant numbers, some of which might include: the level of the claimant's disability; the reliability of the vocational expert's testimony; the distance claimant is capable of traveling to engage in the assigned work; the isolated nature of the jobs; the types and availability of such work, and so on. Jenkins v. Bowen, 861 F.2d 1083, 1087 (8th Cir. 1988) (quoting Hall v. Bowen, 837 F.2d 272, 275 (6th Cir. 1988)). "The decision should ultimately be left to the [ALJ's] common sense in weighing the statutory language as applied to a particular claimant's factual situation." Id. (emphasis added).

14. Applying the Trimiar factors to this case, I conclude that the record as a whole does support the findings of the ALJ. The ALJ considered the level of Plaintiff's disability by asking the vocational expert to assume Plaintiff's established vocational factors, as well as specific exertional, non-exertional and positional limitations. The vocational expert's qualifications and reliability were not challenged by the Plaintiff at the administrative hearing. (Tr. 110, 173-174). The ALJ considered the isolated nature, type and availability of jobs by questioning the vocational expert with regard to the location and availability of jobs. (Tr. 176-179).

15. The record indicates that the ALJ weighed relevant factors in reaching his conclusion. As in Trimiar, some of the factors favor Plaintiff's position. However, I cannot say that the record when taken as a whole does not support the ALJ's conclusions.

## Recommended Disposition

16. For the reasons stated above, I recommend that Plaintiff's Motion to Reverse be denied and that the decision of the Commissioner, denying Plaintiff's Application for Disability Insurance Benefits be affirmed.

---

[5]Jenkins held that 500 jobs in region constituted a significant number, sufficient to satisfy the requirements of 42 U.S.C. §423(d)(2)(A). Jenkins v. Bowen, 861 F.2d 1083, 1087 (8th Cir. 1988).

_signature_
Richard L. Puglisi
United States Magistrate Judge

| | |
|---|---|
| For Plaintiff: | Gary J. Martone, Esq.<br>Francesca MacDowell, Esq. |
| For Defendant: | Joan Marie Hart, Esq.<br>Linda H. Green, Esq. |